**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, | : : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:08-CV-2940-JOF |
| v. | : : | |
| CARTER'S, INC., et al., | : : | |
| Defendants. | : | |

## OPINION AND ORDER

The instant matter is before the court on Plaintiff Plymouth County Retirement System's ("PCRS") unopposed Motion for Appointment as Lead Counsel and Motion for Approval of Selection of Lead Counsel [17].

**I.  Background**

Carter's, Inc. ("Carter's"), is a publicly traded company headquartered in Atlanta, Georgia, which designs, sources, and markets apparel for babies and young children in the United States. On July 14, 2005, Carter's, through a subsidiary, acquired all of the outstanding common stock of OshKosh B'Gosh, Inc. ("OshKosh"), another children's apparel brand. Carter's allegedly made numerous misleading public statements about the

integration of OshKosh and Carter's and the goodwill attributable to the integration. On July 24, 2007, Carter's announced that it was taking a write-down of more than $140 million on the intangible assets/goodwill of its OshKosh subsidiary. This disclosure allegedly caused Carter's stock to fall from $24.87 per share to $22.75 per share on heavy volume. Plaintiff represents more than 9,700 active and retired public employees in Plymouth Colony, Massachusetts, and manages more than $636 million in assets to provide for them in retirement. Plaintiff purchased significant shares of Carter's stock during this period.

On September 19, 2008, Plaintiff brought the instant federal securities class action on behalf of all purchasers of the securities of Carter's between February 21, 2006, and July 24, 2007, against Defendants Carter's; Frederick Rowan II, Carter's Chairman of the Board and CEO; Joseph Pacifico, Carter's President; Michael D. Casey, Carter's Executive Vice President and CFO; and Charles Whetzel, Jr., Carter's Executive Vice President and CSO, alleging securities violations under § 10b and 10b-5 of the Securities Exchange Act by Defendant Carter's and violations under § 20(a) by the individual Defendants. On November 18, 2008, Plaintiff filed the instant motion regarding lead counsel and lead plaintiff.

The issue before the court is whether Plaintiff may serve as lead plaintiff and whether Plaintiff's chosen counsel, Labaton Sucharow, LLP, and Page Perry, LLC, may serve as lead counsel pursuant to section 21D of the Securities and Exchange Act of 1934, as amended

2

by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4. The PSLRA, as a whole, favors institutional investors with large amounts at stake. *See* H.R. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (noting that the PSLRA was enacted to increase the likelihood that in institutional investors and other class members with large amounts at stake would serve as lead plaintiff); *see also In re Cendant Corp. Litigation*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent behind the PSLRA was to encourage large institutional investors to be lead plaintiffs).

Specifically, the PSLRA creates a rebuttable presumption that the most adequate plaintiff, or lead plaintiff, is that person or group of persons that "has either filed the complaint or made a motion in response to a notice"; § 78u-4(a)(3)(B)(iii)(I)(aa), "has the largest financial interest in the relief sought," § 78u-4(a)(3)(B)(iii)(I)(bb), and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," § 78u-4(a)(3)(B)(iii)(I)(cc). Any member of the purported plaintiff class may rebut the presumption upon proof the presumptive most adequate plaintiff "is subject to unique defenses," § 78u-4(a)(3)(B)(iii)(II)(bb), or "will not fairly and adequately protect the interests of the class," § 78u-4(a)(3)(B)(iii)(II)(aa). Discovery may be had on the issue only upon a showing of a reasonable basis for a finding the presumptive most adequate plaintiff cannot adequately represent the class. § 78u-4(a)(3)(B)(iv).

AO 72A
(Rev.8/82)

The PSLRA does not define "largest financial interest in the relief sought by the class," and the Eleventh Circuit has not addressed this issue. A number of courts have applied a four-factor test drawn from *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D.N.Y.), and *Lax v. First Merchs. Acceptance Corp.*, No. 97-C-9715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997), which looks at (1) the number of shares purchased; (2) the number of net shares purchased; (4) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *E.g.*, *In re Cendant Corp. Litigation*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Waste Management, Inc. Securities Litigation*, 128 F. Supp. 2d 401, 409 (S.D. Tex. 2000); *In re McKesson HBOC, Inc. Securities Litigation*, 97 F. Supp. 2d 993, 995 (N.D. Cal. 1999).

The PSLRA also specifies no exact process for determining if a proposed plaintiff "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23 sets out four requirements for class actions -- (1) that the class of potential plaintiffs be so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interest of the class. The manifest intent of the PSLRA is to determine the plaintiff most capable of pursuing the action and representing the interest of the class. H. Conf. Rep. No. 104-369, at 34 (1996), *reprinted in* 1995 U.S.C.C.A.N. 770

4

at 773. As such the court need only explore the portions of Rule 23 dealing with the qualities of the class representative, typicality and adequacy. Under Rule 23, typicality is present when the lead plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of other class members. *See Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 722-25 (11th Cir. 1987) (rejecting notion that class could consist of members relying on different state laws); *Kennedy v. Tallant*, 710 F.2d 711, 717 (11th Cir. 1983) (discussing differences in investor experience and when they read prospectus as irrelevant when promoters committed unlawful acts in same method against entire class). Claims need not be identical to be typical. *See Phillips v. Joint Legislative Committee v. Board of Trustees*, 637 F.2d 1014, 1024 (5th Cir. 1981) (determining that all putative plaintiffs need not have experienced discrimination in the same way as named plaintiff). Under Rule 23, a representative may be inadequate to protect the interests of the class if the representative is incapable of "putting up a real fight," has unqualified, inexperienced, or incapable counsel, or has interests antagonistic to the rest of the class. *Kilpatrick*, 827 F.2d at 726.

Here, Plaintiff is exactly the type of large institutional investor contemplated by the PSLRA. Plaintiff filed the complaint in this action and timely moved this court to be appointed as lead counsel on November 18, 2008. No other party has so moved the court or opposed Plaintiff's appointment. Plaintiff purchased 33,400 shares of Carter's securities,

5

AO 72A
(Rev.8/82)

made net purchases of 31,800 shares, made $808,302 in net expenditures to acquire those securities, and suffered losses of $159,442. To Plaintiff's knowledge, it has the largest financial interest in the relief sought of all class members who have appeared thus far in the instant action. Plaintiff's claims are typical of other class members because Plaintiff (1) purchased shares during the class period, (2) in reliance on allegedly false and misleading statements by Defendants, (3) lost money when the truth was revealed to the market, and (4) are using the Securities Exchange Act of 1934 to seek redress. Plaintiff can adequately represent a class of investors because it has no interests that conflict with other class members and it has the experience and resources to vigorously pursue the claims of the class.

Plaintiff hired Labaton Sucharow, LLP, as proposed lead counsel. The court has reviewed Labaton Sucharow's experience in this area. It appears that Labaton has played a leading role in numerous other investor class actions (although it has tried only one of these matters to a jury), and is currently serving as lead or co-counsel in a number of large securities class actions. (*See* Motion Ex D (detailing firm experience); *In re Waste Mgmt.*, 128 F. Supp. 2d at 432 (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities class actions")). The court concludes that Labaton's experience indicates at minimum that they are knowledgeable enough in the area of securities litigation to have survived multiple motions to dismiss

and/or summary judgment. As such, this court finds that they are competent enough to represent Plaintiff here. Plaintiff has hired local liaison counsel, Page Perry, LLC. The court has reviewed Page Perry's materials and has assured itself that at minimum Page Perry has experience in the area of securities litigation. (*See* Motion Ex. E (detailing firm experience)).

## III. Conclusion

For the above stated reasons, the court GRANTS Plaintiff's Motion [17] and APPOINTS Plaintiff as lead plaintiff in this matter and Plaintiff's chosen counsel as lead and liaison counsel.

**IT IS SO ORDERED** this 13th day of March 2009.

           s/ J. Owen Forrester
           J. OWEN FORRESTER
        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)