# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Plymouth County Retirement System, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:08-cv-02940-JOF |
| Carter's Inc., et al., : | |
| : | |
| Defendants. : | |
| : | |

## OPINION & ORDER

This matter is before the court on Defendants' motion to dismiss in *Plymouth County Retirement System v. Carter's Inc.*, Civil Action No. 1:08-cv-02940-JOF [29] and a letter that was delivered by hand to the court on December 3, 2009 by Plaintiff Plymouth's counsel, which requests permission to publish notice for the purpose of clarifying certain information for the putative class.

*Plymouth* is a securities class action alleging violations of the Federal Securities Exchange Act. This court previously appointed both Lead Plaintiff and Lead and Liaison Counsel in the case.[1] *Mylroie v. Carter's, Inc.*, Civil Action No. 1:09-cv-03196-JOF, is also a securities class action that alleges violations of the Federal Securities Exchange Act

---

[1] Labaton Sucharow LLP and Page Perry LLC.

against generally the same Defendants as those in the *Plymouth* action. Because the complaint in *Mylroie* states the same two causes of action found in the *Plymouth* complaint, the court consolidated the two cases in an order issued November 24, 2009.

On December 3, 2009, Plymouth's Lead Counsel, Labaton Sucharow, hand-delivered a letter to chambers. The court generally does not act on such letters. The court has stated that it "believes that Rule 7(b) *et seq.* of the Federal Rules of Civil Procedure requires that such requests for orders of the court be made in motion form." *Tate v. International Business Machines Corp.*, 94 F.R.D. 324, 324 (N.D. Ga. 1982) (Forrester, J.). *See also* Local Rule 7.4 N.D. Ga. To expedite matters in the present case, the court will address the request in the letter. However, the parties should be aware that any future requests for action must be made in motion form. In its letter, Labaton Sucharow informs the court that:

> As Lead Counsel in the Consolidated Action, we believe that it is appropriate to issue a new, clarifying notice to putative class members, advising them that: (1) the Court has issued the Consolidation Order; and (2) new lead plaintiff motions will not be necessary in connection with the Mylroie Action.

Lead Counsel seeks the court's permission to issue such a notice, stating that it has spoken to Plaintiff Mylroie's counsel, who agrees that issuing such a notice is appropriate. Labaton Sucharow attached the proposed notice to its letter. While the court currently finds it unnecessary to appoint a lead plaintiff in the *Mylroie* case, the court also does not find it prudent at this point to foreclose any lead plaintiff submissions that might be made in the

2

*Mylroie* action. Therefore, the court finds that the notice proposed by counsel is not needed at this time.

The court next addresses Defendants' motion to dismiss, which was filed in the *Plymouth* action prior to consolidation [29]. Defendants' time to respond to the complaint filed in the *Mylroie* action was extended until December 16, 2009. In the same order, the court also instructed the parties to file a stipulated scheduling order on or before December 16, 2009. The parties filed said proposed scheduling orders on December 16, 2009. *See Plymouth*, Docket Entry [42] and *Mylroie*, Docket Entry [15]. The motions were granted on December 22, 2009. According to the stipulation, Defendant Carter's, Inc. has announced that it is going to restate its earnings for the period of 2004 through July 4, 2009. Based on this forthcoming restatement by Defendant Carter's, the parties' stipulation gives Lead Counsel Labaton Sucharow and Page Perry leave to file an amended complaint within forty-five days from the date that Defendant Carter's releases its planned restatement. The parties agreed that Defendants do not have to respond to the complaint filed in the *Mylroie* action, and instead, will respond to the amended complaint when such complaint is filed. Further, the parties stipulated that they will propose a new briefing schedule after the amended complaint is filed. Based on the intention of the parties that an amended complaint will be filed, the court believes that Defendants' motion to dismiss, filed in the *Plymouth* case prior to consolidation, is moot. Therefore, the court DENIES WITH LEAVE TO RENEW

3

Defendants' motion to dismiss in *Plymouth County Retirement System v. Carter's Inc.*, Civil Action No. 1:08-cv-02940-JOF [29].

Because the court has consolidated these cases, all future filings should be made in the earlier filed case, *Plymouth County Retirement System*, Civil Action No. 1:08-cv-2940-JOF, with the caption "In re Carter's Securities Litigation." The proposed Amended Complaint will serve as the new starting off point for this litigation. In conjunction with the filing of the amended complaint, the parties are DIRECTED to submit to the court a proposed scheduling order.

**IT IS SO ORDERED** this 15th day of January 2010.


    /s  J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)