**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Plymouth County Retirement System, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:08-cv-02940-JOF |
| Carter's Inc., et al., | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
APPOINTMENT OF LEAD PLAINTIFFS AND APPROVAL OF
SELECTION OF CO-LEAD COUNSEL**

Lead Plaintiff Movant Michael A. Woods ("Movant") respectfully moves for an order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (i) appointing Movant as Lead Plaintiff of the class of purchasers of the securities of Carter's Inc. ("Carter's" or the "Company"), and (ii) approving Movant's selection of Vianale & Vianale LLP and Sarraf Gentile LLP as Co-Lead Counsel for the Class and Greenfield Millican PC as Liaison Counsel.

## **PRELIMINARY STATEMENT**

Movant purchased Company common stock and options and seeks to be appointed Lead Plaintiff pursuant to the notice issued on November 18, 2009, following the filing of *Mylroie v. Cater's, Inc.*, No. 1:09-cv-3196-JOF.  As indicated herein, Movant has timely responded to the November 18 notice, has satisfied the requirements of the PSLRA and should, therefore, be appointed lead plaintiff.

Movant is aware that this Court has consolidated the *Mylroie* action with the prior action filed by Plymouth County Retirement System ("Plymouth").  In light of this, Movant respectfully requests that he be permitted to participate in the prosecution of this consolidated action along-side Plymouth.  The appointment of Movant as a Co-Lead Plaintiff is appropriate given Movant's interest in the litigation and the propriety and timeliness of his response to the November 18 notice of his right to seek appointment as a lead plaintiff.  In addition, Movant purchased not only Company common stock, but also Company options.  Movant thus seeks to ensure that the claims of those Company shareholders who purchased Company options, like himself, are protected and advanced.

# FACTUAL BACKGROUND

On September 19, 2008, Plymouth County Retirement System ("Plymouth") filed an action in this Court against Carter's and its top management alleging violations of the Exchange Act on behalf of all purchasers of Company securities between February 21, 2006 and July 24, 2007. The action involved an alleged fraud regarding the Company's children apparel business.

On November 17, 2009, Plaintiff Scott Mylroie ("Mylroie") commenced an action in this Court against Carter's and its top management on behalf of purchasers of the Company's securities between April 27, 2004 to November 10, 2009, inclusive (the "Class" and the "Class Period"), seeking remedies under the Exchange Act. *Mylroie v. Cater's, Inc.*, No. 1:09-cv-3196-JOF. Mylroie alleged that during the Class Period defendants made statements that were materially false and misleading because they misrepresented or failed to disclose that: (a) the Company had reported certain margin support payments to major wholesale customers in incorrect periods; (b) as a result, the Company's financial results were overstated during the Class Period; (c) the Company had failed to properly recognize revenue in violation of GAAP; (d) the Company lacked adequate

internal and financial controls; and (e) that, as a result of the above, the Company's financial statements during the Class Period were materially false and misleading at all relevant times. *Mylroie* Complaint ¶ 66.

On or about November 24, 2009, the *Plymouth* and *Mylroie* actions were consolidated [Dkt. No. 39].

Movant purchased Company common stock and options during the Class Period and incurred an estimated loss of $2,574.72 on Carter's common stock and $2,950 (excluding commissions) on Carter's options. Movant is responding to the notice issued on November 18, 2009, and seeks to be appointed Lead Plaintiff and have his counsel approved as Co-Lead and Liaison Counsel on behalf of the Class. Each of the proposed firms have significant expertise in the prosecution of securities class actions such as this, and, as in other similar cases they have litigated, will work to minimize costs and prosecute the action in an efficient and effective manner.

## ARGUMENT

**A.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

    **1.   The Procedure Mandated by the PSLRA
        For Appointment of Lead Plaintiffs**

The PSLRA amended the Exchange Act by addressing various matters relating to private lawsuits brought thereunder. The PSLRA added Section 21D to the Exchange Act, codified at 15 U.S.C. § 78u-4. This section established a procedure for the appointment of a "lead plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1).

The plaintiff who files the first action shall publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice was published on November 18, 2009. *See* Sarraf Decl., Ex. A. That notice stated as follows:

> If you purchased shares of Carter's common stock during the Class Period, you have the legal right to petition the Court to be appointed a "lead plaintiff." A lead plaintiff is a representative party that acts on behalf of other class members in directing the litigation. Any such request must satisfy certain criteria and be made no later than January 19, 2010. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

Within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of

the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(I). The PSLRA provides the following standard for determining who is the "most adequate plaintiff:"

> [T]he court shall adopt a . . . presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
> (aa) has either filed the complaint or made a motion in response to a notice [within 60 days of publication of the notice];
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Movant is the "most adequate plaintiff" here.

### 2. Movant Satisfies The Lead Plaintiff Requirements of the PSLRA

#### (i) Movant has Complied with the Procedural Requirements of the PSLRA

The 60-day period under the PSLRA, in which motions for appointment as lead plaintiff must be filed, expires on January 19, 2009. This Motion is thus being made within the statutory 60-day period.

The Motion includes the required Certification from Movant setting forth, among other things, his transactions in Company securities during the Class Period, and indicating his willingness to serve as a representative party on behalf of the class. *See* Certificate of Movant, Sarraf Decl., Ex. B. Movant has retained competent and experienced counsel, as set forth in the firm resumes of Vianale & Vianale LLP and Sarraf Gentile LLP. *See* Firm Resumes, Sarraf Decl, Ex. C.

### (ii) Movant Has the Largest Financial Interest in the Relief Sought by the Class

Movant is the presumptive most adequate Plaintiff because, to the best of counsels' knowledge, Movant has the largest financial interest in the relief sought of any class member that has come forward as a proposed lead plaintiff. As such, Movant is the presumptive Lead Plaintiff in this matter. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the proposed Class Period, Movant's losses, calculated in accordance with the PSLRA, are approximately $2,574.72 on Carter's Common Stock and $2,950 (excluding commissions) on Carter's Options. *See* Sarraf Decl., Ex. B. As of the date hereof, neither Movant nor his counsel have received any lead plaintiff motion in connection with the notice issued in the *Mylroie* action by a plaintiff or putative class member who claims to have suffered greater losses during the Class Period than those claimed here. Accordingly, Movant is

presumptively the most adequate Lead Plaintiff and satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff pursuant to Section 21 D(a)(3)(B) of the Exchange Act.

### (iii) Movant Otherwise Satisfies the Requirements of Rule 23

In addition to satisfying the requirements set forth above, a lead plaintiff must fulfill some, but not all, of the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides that a party may serve as a class representative if the following four prerequisites are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and, (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).[1] Where a movant's claims arise out of the same course of conduct and are based on the same legal theories as those of other class members, and the movant has suffered the same injuries as absent class members and appears to be able to

---

[1] Although there are two other requirements under Fed. R. Civ. P. 23(a), numerosity and commonality, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001).

fairly and adequately represent the class, then the movant has satisfied these requirements.

Here, Movant purchased Carter's securities during the Class Period at prices alleged to have been artificially inflated by Defendants' false and misleading statements and were damaged thereby. Movant has also retained counsel with considerable experience in the prosecution of class actions and federal securities law claims. *See* Sarraf Decl., Ex. C. For all of these reasons, Movant meets the relevant requirements of Rule 23 for purposes of his appointment as Lead Plaintiff herein.

### 3. Movant Is Prepared to Work Along-Side Plymouth

The appointment of Movant as a Lead Plaintiff to work along-side Plymouth is consistent with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (court "should appoint as lead plaintiff *the member or members* of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class members…."). Furthermore, such appointment as a co-lead plaintiff is appropriate given Movant's interest in the litigation as well as the propriety and timeliness of his response to the November 18 notice indicating his right to seek appointment as a lead plaintiff.

Movant's appointment as a co-lead plaintiff would not delay the prosecution of this case but would, instead, bolster it. As indicated above, Movant purchased not only Company common stock, but also Company options. Accordingly, Movant seeks to not only represent the interests of Company shareholders who purchased Company common stock, but also those shareholders who, like himself, purchased Company options. Movant and his counsel are fully committed to work cooperatively and efficiently with Plymouth and its counsel to protect and advance the interests of all those who purchased not only Company common stock but also options.

**B.   THE COURT SHOULD APPROVE MOVANTS' CHOICE OF CO-LEAD COUNSEL**

Pursuant to Section 21 D(a)(3)(B)(v) of the Exchange Act, a movant shall, subject to the approval of the Court, select and retain lead counsel to represent the Class.

Movant here has selected and retained Vianale & Vianale LLP and Sarraf Gentile LLP as Co-Lead Counsel. Both firms have leading roles in numerous actions on behalf of defrauded investors and have recovered millions of dollars on their behalf. *See* Sarraf Decl., Ex. C. Proposed Co-Lead Counsel are able and prepared to commit the necessary resources to prosecute this action and minimize

duplication of cost and effort. The court should, therefore, approve Movant's selection of Co-Lead Counsel.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court appoint him as Lead Plaintiff and approve Movant's selection of Co-Lead Counsel.

Dated:   January 19, 2010

Respectfully submitted,

**GREENFIELD MILLICAN PC**

By: <u>Lisa T. Millican</u>
Lisa T. Millican, Esq.
Georgia Bar Number 309046
44 Broad Street, NW, Suite 607
Atlanta, Georgia 30303
Tel: (404) 522-1122
Fax: (404) 522-1133
Email:
lisa.millican@lawofficepc.com

**SARRAF GENTILE LLP**
Ronen Sarraf
ronen@sarrafgentile.com
Joseph Gentile
joseph@sarrafgentile.com
116 John Street, Suite 2310
New York, New York 10038
Tel: (212) 868-3610
Fax: (212) 918-7967

**VIANALE &VIANALE LLP**

        Kenneth J. Vianale
        2499 Glades Road, Suite 112
        Boca Raton, FL  33431
        Tel: (561) 392-4750
        Fax: (561) 392-4775

        ***Attorneys for Movant and Proposed Co-Lead and Liaison Counsel***