UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re<br>CARTER'S, INC.<br>SECURITIES LITIGATION | )<br>)<br>)<br>) Civil Action No. 1:08-CV-2940-AT<br>)<br>) **FINAL ORDER AND JUDGMENT**<br>)<br>) |

WHEREAS:

A. As of December 21, 2011, Plymouth County Retirement System ("Lead Plaintiff"), on behalf of itself and the Settlement Class, and Carter's, Inc. ("Carter's" or the "Company"), Frederick J. Rowan, II, Joseph Pacifico, Michael D. Casey, Andrew North, Charles E. Whetzel, Jr., and Joseph M. Elles (collectively, the "Settling Defendants") entered into a Stipulation and Agreement of Settlement with Company and Individual Defendants (the "Stipulation") in the above-titled litigation (the "Consolidated Action").

B. Pursuant to the Preliminary Approval Order Providing for Notice and Hearing in Connection With Proposed Partial Class Action Settlement, entered January 19, 2012 (the "Preliminary Approval Order"), the Court scheduled a hearing for May 31, 2012, at 11 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed partial Settlement of the Consolidated

Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered.

  C. The Court ordered that the Notice of Pendency of Class Action and Proposed Partial Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all putative Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action and Proposed Partial Settlement and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.

  D. The Notice and the Summary Notice advised Settlement Class Members of the date, time, place and purpose of the Settlement Hearing, and further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Settling Parties postmarked by May 10, 2012.

E.  The provisions of the Preliminary Approval Order as to notice were complied with.

F.  On April 23, 2012, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on May 31, 2012, at which time all interested Persons were afforded the opportunity to be heard.

G.  At the Settlement Hearing, the Court inquired into the relationship between the $20 million Settlement Amount and the amount of estimated class-wide damages. Counsel discussed the various modes in which class-wide damages could be evaluated in this case and the relative strength of the claims supporting the damage calculations. Additionally, the Court reviewed for background context the securities case class settlement and fee information contained in Exhibit 12 to the Declaration of Jonathan Gardner in Support of Lead Plaintiff's Motion for Final Approval of Partial Class Action Settlement and Plan of Allocation, Doc. 123-12.

H.  This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Judgment that are not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Consolidated Action and over all Settling Parties to the Consolidated Action, including all members of the Settlement Class.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, the Consolidated Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all Persons who purchased the publicly traded securities of the Company during the period from March 16, 2005 through November 10, 2009, inclusive, and were allegedly damaged thereby (the "Settlement Class").  Excluded from the Settlement Class are: the Defendants; the officers and directors of the Company, at all relevant times; any entity in which the Defendants have or had a controlling interest; members of the immediate families of the Individual Defendants; and the legal representatives, heirs, successors or assigns of any excluded person.  Also excluded from the Settlement Class are those Persons who timely and validly seek exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.  No Settlement Class Member sought exclusion.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff Plymouth County Retirement System as Class Representative for the Settlement Class; and finally appoints Labaton Sucharow LLP as Class Counsel for the Settlement Class.

5. The notification provided for and given to the Settlement Class was in compliance with the Preliminary Approval Order, and said notification constituted the best notice practicable under the circumstances and is in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process.

6. The proposed Settlement of the Consolidated Action on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, in light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against the Settling Defendants and the risks of establishing liability and damages and the costs of continued litigation. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, the Settlement Class and the Settling Defendants.

7. The Stipulation and the proposed Settlement are hereby approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members, and shall be consummated in accordance with the terms and provisions of the Stipulation. There were no objections to the Settlement or requests for exclusion from the Settlement Class.

8. The Second Amended and Consolidated Class Action Complaint for Violations of Federal Securities Laws ("Second Amended Complaint"), filed July 20, 2011, is hereby dismissed in its entirety as to the Settling Defendants, with prejudice, and without costs to any Settling Party, except as otherwise provided in the Stipulation.

9. The Court further finds that during the course of the Consolidated Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Effective Date, Lead Plaintiff and each and every other Settlement Class Member on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from

commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties.

11. Upon the Effective Date, the Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns by operation of the Judgment, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims, as against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

12. Pursuant to the PSLRA, 15 U.S.C. Section 78u-4(f)(7)(A), and applicable law, upon the Effective Date, any and all claims, actions, allegations, causes of action, demands or rights, however denominated and whether presently known or unknown, seeking contribution as that term is defined for purposes of the PSLRA, or seeking indemnification for claims arising under the federal securities laws or for state law claims arising out of the transactions underlying the claims in the Plymouth Action, Mylroie Action, and Consolidated Action, brought by any person or entity, including PwC, against the Settling Defendants or by any Settling Defendant against any person or entity, other than a person or entity whose liability has been extinguished by this Settlement, are hereby barred and discharged. Any

final verdict or judgment obtained by or on behalf of Lead Plaintiff, the Settlement Class or any Settlement Class Member shall be reduced as provided by the PSLRA.

13. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

14. All eligible claimants in the Settlement will be notified of the Claims Administrator's determination of their recognized losses under the Court-approved plan of allocation, and such notice will indicate that the claimant has the right to contest this determination with the Claims Administrator if, within twenty (20) calendar days after the date of mailing of the notice, the claimant provides the Claims Administrator with a notice requesting review and statement of reasons indicating the claimant's grounds for contesting the determination along with any supporting documentation.  The notice will also state that claimants have a right to Court review.  Additionally, as set forth in paragraph 27 of the Stipulation, prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing about the reasons for the rejection, including a calculation of no recognized loss under the Court-approved plan of allocation, and indicate in such notice that the claimant has the right to contest the determination with the Claims Administrator and a review by the Court if the

claimant so desires and, within twenty (20) calendar days after the date of mailing of the notice, provides the Claims Administrator with a statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation. If a dispute concerning a Proof of Claim cannot be otherwise resolved between the claimant, Claims Administrator and Lead Counsel, Lead Counsel shall thereafter present the request for review to the Court with its motion seeking approval of a distribution of the Net Settlement Fund.

15. This Judgment and the Stipulation, whether or not consummated, and any negotiations, proceedings or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against the Settling Defendants or Lead Plaintiff for any purpose, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by the Settling Defendants with respect to the truth of any fact alleged by Lead Plaintiff and the Settlement Class or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Settling Defendants;

(b) do not constitute, and shall not be offered or received against or to the prejudice of the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Settling Defendants, or against Lead Plaintiff or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of the Settling Defendants or against Lead Plaintiff or any other member of the Settlement Class, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against any of the Settling Parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d) do not constitute, and shall not be construed against or to the prejudice of the Settling Defendants, Lead Plaintiff or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against or to the prejudice of Lead Plaintiff or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

16.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     The Settling Parties are hereby directed to consummate the Stipulation and to perform its terms.

20. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Consolidated Action; (v) all Settling Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. The Court expressly determines that there is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: June 1, 2012

                                                _____
                                                **AMY TOTENBERG**
                                                **UNITED STATES DISTRICT JUDGE**