UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re<br>CARTER'S, INC.<br>SECURITIES LITIGATION | Civil Action No. 1:08-CV-2940-AT<br><br>**PRELIMINARY APPROVAL ORDER PROVIDING FOR NOTICE AND HEARING IN CONNECTION WITH PROPOSED CLASS ACTION SETTLEMENT WITH PRICEWATERHOUSECOOPERS LLP** |

WHEREAS, as of April 24, 2013, Plymouth County Retirement System ("Lead Plaintiff"), on behalf of itself and the Settlement Class, and PricewaterhouseCoopers LLP ("PwC") entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Consolidated Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims against PricewaterhouseCoopers LLP alleged in the Second Amended and Consolidated Class Action Complaint ("Second Amended Complaint") on the merits and with prejudice (the "Settlement"); and the Court having read and considered the

Stipulation and the accompanying exhibits; and the Settling Parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used in this Order that are not otherwise defined herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 21st day of May, 2013 that:

1.   The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below.

2.   Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of the Settlement only, the Consolidated Action as a class action on behalf of all Persons who purchased the publicly traded securities of the Company during the period from March 16, 2005 through November 10, 2009, inclusive, and were allegedly damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are: the current or former defendants in the Consolidated Action; the officers and directors of Carter's; the partners and principals of PwC; the members of the immediate families of the former individual defendants in the Consolidated Action; the legal representatives, heirs, successors or assigns of any excluded Person; any entity in which any current or former defendant has or had a controlling interest. Also excluded from

the Settlement Class will be any Person who timely and validly seeks exclusion from the Settlement Class.

3.  The Court finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Consolidated Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be

efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is any interest among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is certified as Class Representative for the Settlement Class, the law firm of Labaton Sucharow LLP is appointed Class Counsel for the Settlement Class, and the law firm of Harris Penn Lowry DelCampo LLP is appointed Liaison Counsel for the Settlement Class.

5. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on October 8, 2013, at 11:00 a.m., in Courtroom 2308 for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class;

(d) to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e) to consider Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses (which may include an application for an award to Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representations of the Settlement Class); and

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

7. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement with PricewaterhouseCoopers LLP and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8. The Court approves the retention of Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator. The Claims Administrator shall cause the Notice and, where applicable, the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of this Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort, including by using information provided in connection with the previously approved partial settlement with Carter's, Inc. ("Carter's" or the "Company"), Frederick J. Rowan, II, Joseph Pacifico, Michael D. Casey, Andrew North, Charles E. Whetzel, Jr., and Joseph M. Elles (the "Carter's Settlement").

9. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased the publicly traded securities of Carter's during the Class Period, by using information provided in connection with the Carter's Settlement. Additional copies of the Notice shall be made available to any record holder requesting such

for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notices and Proofs of Claim to beneficial owners.

10. The Claims Administrator shall also post the Notice and Proof of Claim on its website. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing and posting of the Notice and Proof of Claim.

11. The Court approves the form of the Summary Notice of Pendency of Class Action and Proposed Settlement with PricewaterhouseCoopers LLP and Motion for Attorneys' Fees and Expenses (the "Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act

of 1995 (the "PSLRA"), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, Settlement Class Members shall take the following actions and be subject to the following conditions:

(a)  A properly executed claim must have been submitted to the Claims Administrator in connection with the Carter's Settlement by the date this Preliminary Approval Order is entered or, for all others, a properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator at the address indicated in the Notice, postmarked no later than 120 calendar days after the Notice Date.  Such deadline may be further extended by Court Order or by Lead Counsel in their discretion.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Any Settlement Class Member

who did not submit a claim in the Carter's Settlement by the date this preliminary Approval Order is entered or, for all others, who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

14. Settlement Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the person seeking exclusion, that the sender requests "exclusion from the Settlement Class in *In re Carter's, Inc. Securities Litigation*, No. 1:08-CV-2940-AT (N.D.Ga.)" and must be signed by such person. Such Persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, acquisitions and sales of publicly traded securities of Carter's during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

15. There were no requests for exclusion from the Carter's Settlement. A request for exclusion from the proposed Settlement will not operate to retroactively exclude a Settlement Class Member from the Carter's Settlement.

16. Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or reimbursement of expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers such that they are received or postmarked on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel, Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005 and PwC's Counsel, Elizabeth V. Tanis, Esq., King & Spalding LLP, 1180 Peachtree St., N.E., Atlanta, Georgia 30309, and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Northern District of Georgia, 2321 Richard B. Russell Federal Building and United States Courthouse, 75 Spring Street, SW, Atlanta, GA 30303-3309. Any Settlement Class Member who does not make his, her or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by

the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

19. As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims

and administration of the Settlement out of the Settlement Fund without further approval from PwC and without further order of the Court.

20. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-eight (38) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21. The passage of the Settlement Fund to the Escrow Account in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

23. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this

Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against or to the prejudice of the Settling Parties, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to February 28, 2013.

24. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: May 21, 2013

_____
Honorable Amy Totenberg
UNITED STATES DISTRICT JUDGE