## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| In re CARTER'S, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) | Civil Action No. 1:08-CV-2940-AT<br><br>**FINAL ORDER AND JUDGMENT AS TO PRICEWATERHOUSECOOPERS LLP** |

WHEREAS:

A.  On April 24, 2013, Plymouth County Retirement System ("Lead Plaintiff"), on behalf of itself and the Settlement Class, and PricewaterhouseCoopers LLP ("PwC") entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Consolidated Action").

B.  Pursuant to the Preliminary Approval Order Providing for Notice and Hearing in Connection With Proposed Class Action Settlement with PricewaterhouseCoopers LLP, entered May 21, 2013 (the "Preliminary Approval Order"), the Court scheduled a hearing for October 8, 2013, at 11:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair,

reasonable and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered.

C.     The Court ordered that the Notice of Pendency of Class Action and Proposed Settlement with PricewaterhouseCoopers LLP and Motion for Attorneys' Fees and Expenses (the "Notice") and, where applicable, a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all putative Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action and Proposed Settlement with PricewaterhouseCoopers LLP and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.

D.     The Notice and the Summary Notice advised Settlement Class Members of the date, time, place and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Settling Parties postmarked by September 17, 2013.

E.     The provisions of the Preliminary Approval Order as to notice were complied with.

F.     On August 30, 2013, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on October 8, 2013, at which time all interested Persons were afforded the opportunity to be heard.

G.     This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Judgment that are not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Consolidated Action and over all Settling Parties to the Consolidated Action, including all members of the Settlement Class.

3.     The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, the Consolidated Action as a class action pursuant to Rules 23(a) and (b)(3) of the

3

Federal Rules of Civil Procedure on behalf of all Persons who purchased the publicly traded securities of the Company during the period from March 16, 2005 through November 10, 2009, inclusive, and were allegedly damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are: the current or former defendants in the Consolidated Action; the officers and directors of Carter's; the partners, directors, and principals of PwC; the members of the immediate families of the former individual defendants in the Consolidated Action; the legal representatives, heirs, successors or assigns of any excluded Person; any entity in which any current or former defendant has or had a controlling interest. No Person has validly sought exclusion from the Settlement Class in accordance with the requirements set forth in the Notice. Lead Counsel is directed to notify the person who submitted the invalid opt out of the fact that to the extent she has purchases of Carter's publicly traded securities during the Class Period, she may still file a Proof of Claim form.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff Plymouth County Retirement System as Class Representative for the Settlement Class; and finally appoints Labaton Sucharow LLP as Class Counsel for the Settlement Class.

4

5.     The notification provided for and given to the Settlement Class was in compliance with the Preliminary Approval Order, and said notification constituted the best notice practicable under the circumstances and is in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process.

6.     The proposed Settlement of the Consolidated Action on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, in light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against PwC and the risks of establishing liability and damages and the costs of continued litigation.   This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, the Settlement Class and PwC.  There have been no objections to the Settlement.

7.     The Stipulation and the proposed Settlement are hereby approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members, and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.     The Second Amended and Consolidated Class Action Complaint ("Second Amended Complaint"), filed July 20, 2011, is hereby dismissed in its entirety, with prejudice, and without costs to any Settling Party, except as otherwise provided in the Stipulation.

9.     The Court further finds that during the course of the Consolidated Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     Upon the Effective Date, Lead Plaintiff and each and every other Settlement Class Member on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties.

11.     Upon the Effective Date, PwC, on behalf of itself and its heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendant's Claims, as against each and every one of the Released Plaintiff Parties and shall forever be barred and

enjoined from commencing, instituting, prosecuting or maintaining any of the Released Defendant's Claims against any of the Released Plaintiff Parties.

12.     Pursuant to the PSLRA, 15 U.S.C. Section 78u-4(f)(7)(A), and applicable law, upon the Effective Date, any and all claims, actions, allegations, causes of action, demands or rights, however denominated and whether presently known or unknown, seeking contribution as that term is defined for purposes of the PSLRA, or seeking indemnification for claims arising under the federal securities laws or for state law claims arising out of the transactions underlying the claims in the Plymouth Action, Mylroie Action, and Consolidated Action, brought by any person or entity against PwC or by PwC against any person or entity, other than a person or entity whose liability has been extinguished by this Settlement, are hereby barred and discharged. Any final verdict or judgment obtained by or on behalf of Lead Plaintiff, the Settlement Class or any Settlement Class Member shall be reduced as provided by the PSLRA.

13.     Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

14.     All eligible claimants in the Settlement will be notified of the Claims Administrator's determination of their recognized losses under the Court-approved plan of allocation, and such notice will indicate that the claimant has the right to

contest this determination with the Claims Administrator if, within twenty (20) calendar days after the date of mailing of the notice, the claimant provides the Claims Administrator with a notice requesting review and statement of reasons indicating the claimant's grounds for contesting the determination along with any supporting documentation. The notice will also state that claimants have a right to Court review. Additionally, as set forth in paragraph 28 of the Stipulation, prior to rejecting a claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing about the reasons for the rejection, including a calculation of no recognized loss under the Court-approved plan of allocation, and indicate in such notice that the claimant has the right to contest the determination with the Claims Administrator and a review by the Court if the claimant so desires and, within twenty (20) calendar days after the date of mailing of the notice, provides the Claims Administrator with a statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation. If a dispute concerning a claim cannot be otherwise resolved between the claimant, Claims Administrator and Lead Counsel, Lead Counsel shall thereafter present the request for review to the Court with its motion seeking approval of a distribution of the Net Settlement Fund.

15.    This Judgment and the Stipulation, whether or not consummated, and any negotiations, proceedings or agreements relating to the Stipulation, the

8

Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against PwC or Lead Plaintiff for any purpose, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of PwC as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by PwC with respect to the truth of any fact alleged by Lead Plaintiff and the Settlement Class or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of PwC;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of PwC as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by PwC, or against Lead Plaintiff or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of PwC or against Lead Plaintiff or any other member of the Settlement Class, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in

9

any way referred to for any other reason against any of the Settling Parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against or to the prejudice of PwC, Lead Plaintiff or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against or to the prejudice of Lead Plaintiff or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

16.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and

shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     The Settling Parties are hereby directed to consummate the Stipulation and to perform its terms.

20.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

21.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Consolidated Action; (v) all Settling Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or

ancillary to the foregoing.   The Court expressly determines that there is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _October 10 (2013)_ 2013

_Amy V Totenberg_
Honorable Amy Totenberg
UNITED STATES DISTRICT JUDGE