UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re<br>CARTER'S, INC.<br>SECURITIES LITIGATION | )<br>)<br>)  Civil Action No. 1:08-CV-2940-AT<br>)<br>) |

**ORDER APPROVING DISTRIBUTION
OF NET SETTLEMENT FUNDS**

THIS MATTER having come before the Court on Lead Plaintiff's Motion for Approval of Distribution of Net Settlement Funds in Connection with the Carter's Settlement and the PwC Settlement [Doc. 171], the Settlements having reached their Effective Date, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All capitalized terms used herein, unless otherwise defined, have the same meaning as that set forth in the Stipulation and Agreement of Settlement with Company and Individual Defendants (the "Carter's Stipulation"), dated December 21, 2011 (ECF No. 111-3) and the Stipulation and Agreement of Settlement with PricewaterhouseCoopers LLP (the "PwC Stipulation"), dated April 24, 2013 (ECF No. 156-3) (collectively, the "Stipulations").

2. The administrative recommendations of Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the Court-appointed Claims Administrator, to accept the

Proof of Claim and Release forms ("Proofs of Claim"), including the late but otherwise eligible Proofs of Claim, listed in Exhibits F-1 and F-2 to the Declaration of Stephanie Thurin in Support of Lead Plaintiff's Motion for Approval of Distribution Plan, dated March 28, 2016 ("Thurin Declaration"), are hereby APPROVED.

3. The administrative recommendations of Epiq to accept the Proofs of Claim listed in Exhibit A to the Supplemental Declaration of Stephanie Thurin in Support of Lead Plaintiff's Motion for Approval of Distribution, dated June 20, 2016, are hereby APPROVED.

4. As determined by the Claims Administrator, wholly rejected or otherwise ineligible Proofs of Claim, including Claim 100000511, listed in Exhibit F-3 to the Thurin Declaration are hereby REJECTED.

5. The initial distribution of the Net Settlement Funds to Authorized Claimants is hereby AUTHORIZED and shall be conducted in accordance with the Stipulations and distribution plan for payment of the Net Settlement Funds, set forth in paragraph 46 of the Thurin Declaration, which is hereby APPROVED.

6. New Proofs of Claim received after February 1, 2016 will be rejected as untimely and will not be accepted for any reason.

7. A payment in the amount of $58,787.69 from the Settlement Funds for the outstanding fees and expenses of the Claims Administrator, Epiq, in

payment for the balance of its fees and expenses incurred in connection with the administration of the Settlement and its fees and expenses to be incurred in connection with the initial distribution of the Net Settlement Funds is hereby APPROVED.

8. If there is a remaining balance in the Net Settlement Funds after at least six (6) months from the date of initial distribution of the Net Settlement Funds (whether by reason of tax refunds, uncashed checks or otherwise) Lead Counsel shall, if feasible and economical, after payment of administrative fees and costs, Taxes, and escrow fees, if any, reallocate such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion until such time as Lead Counsel, in consultation with Epiq, determines that further redistributions would not be cost effective. Any balance which still remains in the Net Settlement Fund, after payment of administrative fees and costs, Taxes, and escrow fees, if any, shall be contributed to non-sectarian not-for-profit charitable organization(s) serving the public interest, designated by Lead Plaintiff and approved by the Court.

9. In order to allow for a full distribution of the Net Settlement Funds, no Person shall have any claim against Plaintiffs or their counsel (including Lead Counsel), Defendants or their counsel, the Claims Administrator, or other agent designated by Lead Counsel, based on or arising from distributions made

substantially in accordance with the Stipulations and the Settlements contained therein, the Plans of Allocation, or the Orders of this Court.  All Settlement Class Members, whether or not they are to receive payment from the Net Settlement Funds, are barred from making any further claims against the Net Settlement Funds or the Released Parties beyond the amount allocated to them pursuant to this Order.

10.   Epiq is authorized to destroy paper copies of the Proofs of Claim and all supporting documents one year after the initial distribution of the Net Settlement Fund, and to destroy electronic copies of the same three years after the initial distribution of the Net Settlement Fund.

11.   No Person shall have any claim against Plaintiffs or their counsel (including Lead Counsel), or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

12.   The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

**IT IS SO ORDERED** this 24th day of June, 2016.

_____
**Amy Totenberg
United States District Judge**